IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| EUGENE ALLEN LINWOOD, JR., | CV 19-00040-BLG-SPW-TJC |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| TOM GREEN, WARDEN AND D.W. NODLAND, DEPUTY WARDEN, | |
| Defendants. | |

Plaintiff Eugene Linwood, a former state prisoner proceeding in forma pauperis and without counsel, filed a Complaint alleging Defendants violated his First Amendment rights under the United States Constitution (Doc. 2). The Court screened the Complaint pursuant to 28 U.S.C. § 1915 and § 1915A and determined that the Complaint when considered with the attached exhibits, failed to state a claim upon which relief could be granted and was subject to dismissal. Mr. Linwood was given an opportunity to file an amended complaint. (Doc. 5.)

Mr. Linwood has now filed an Amended Complaint but did not raise any new factual allegations and has therefore still failed to state a First Amendment or Equal Protection claim. As set forth in the Court's prior Order, in order to establish a First Amendment free exercise claim, "the interference with one's

1

practice of religion 'must be more than an inconvenience; the burden must be substantial. . ..'" *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir. 1997) (*quoting Graham v. C.I.R.*, 822 F.2d 844, 851 (9th Cir.1987)) *overruled on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884–85 (9th Cir. 2008).  Mr. Linwood failed to establish that his religious exercise has been substantially burdened by the failure to provide a non-pork pizza option on a single occasion.  He provided no facts to suggest that he was denied "all means of religious expression," or that he has been unable to practice his religion.  *See Ward v. Walsh*, 1 F.3d 873, 877 (9th Cir. 1993), *citing O'Lone v. Estate of Shabazz*, 482 U.S. 342, 351-52 (1987); *Pierce v. County of Orange*, 526 F.3d 1190, 1209 (9th Cir. 2008) (denial of all access to religious worship opportunities can violate the First Amendment).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose.  *See Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736, 740 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998); *Federal Deposit Ins. Corp. v.*

2

*Henderson*, 940 F.2d 465, 471 (9th Cir. 1991); *Lowe v. City of Monrovia*, 775 F.2d 998, 1010 (9th Cir. 1985).

Mr. Linwood's factual allegations, taken in light of the documents attached to the Complaint, do not plausibly suggest intentional discrimination.  In fact, Mr. Linwood described Deputy Warden Nodland's conduct as "gross negligence" (Doc. 8-1), which is insufficient to establish intentional discrimination.  He filed a document entitled "Affidavit Supporting Claims," but he continued to only make conclusory and speculative allegations that his religion was a factor in the decision to not order a cheese pizza.  For example, he states,

> The diabolical bias harbored by Deputy Warden R. Nodland against Muslims is evidenced by not only a fervent mentality based upon a distorted perception of reality and perpetuated with a propensity to disregard not only my constitutional and civil rights, but also my human rights.

(Doc. 8-1.)  This allegation is not entitled to the assumption of truth as explained in the Court's prior Order, because it is "merely consistent with liability," or "amount[s] to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 680 (2009).  It is a conclusory allegation not supported by any facts.  Although Mr. Linwood alleges that Deputy Warden Nodland conveyed his dislike for Muslims on multiple occasions (Doc. 8-1), again he provides no specifics regarding this alleged dislike.

3

Mr. Linwood's factual allegations, accepted as true, "do not permit the court to infer more than the mere possibility of misconduct." As such, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)). The Amended Complaint read as a whole fails to nudge Mr. Linwood's claims "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g).

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Linwood may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of December, 2019.


 */s/ Timothy J. Cavan*
Timothy J. Cavan
United States Magistrate Judge

---

[1]Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Mr. Linwood is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.